# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**SUMAYYAH IBRAHI ALNASSER,**
**MOHAMMAD ABDULLAH AL-**
**KHATHLAN, SUMAYA369, LLC,**

      **Plaintiffs,**

v.                                                  **Case No: 6:23-cv-2495-WWB-DCI**

**SHAY SERDY,**

      **Defendant.**

## ORDER

By Order dated September 12, 2024, the Court directed Plaintiffs to show cause why the Complaint should not be dismissed for failure to comply with Federal Rule of Civil Procedure 4(m). Doc. 27. Plaintiffs have filed a response to the Order to Show Cause that the Court construes as a Motion for an Extension of Time to Serve (Doc. 28, the Motion for Extension) and Motion for an Order to Serve Defendant by Mail (Doc. 29, Motion to Serve) (collectively, the Motions).[1] In short, Plaintiffs seek authorization to serve Defendant via mail and email pursuant to Federal Rule of Civil Procedure 4(f)(3) and seek an extension of time to do so. The Court finds that Plaintiffs have not demonstrated that service in that manner is appropriate or that they are entitled to the requested 180-day extension of time.

---

[1] Plaintiffs' Motion for Extension relates to the Motion to Serve. Plaintiffs state in the Motion for Extension that they have been unable to serve Defendant and "plan within the next 10 days to bring a motion for an order permitting service on Serdy at email and other addresses in the United States that Serdy has given for service of process." Doc. 28 at 7. Plaintiffs' Motion to Serve followed. Doc. 29.

I.     **Background**

Plaintiffs initiated this case almost a year ago. By Order dated March 28, 2024, the Court granted Plaintiffs' request for an extension to serve and extended Federal Rule of Civil Procedure 4(m)'s deadline for service by 60 days. Doc. 20. On May 29, 2024, the Court granted Plaintiffs' request for more time and gave an additional 60 days to serve. Doc. 26. Despite the extensions, nothing happened in the case, and on September 12, 2024, the Court directed Plaintiffs to show cause why the case should not be dismissed. Doc. 27. Plaintiffs have responded and move for another extension and for leave to serve Defendant via email and mail. Docs. 28, 29.

With respect to their request for authorization to use alternative methods of service, Plaintiffs set forth in the Motions their efforts to serve Defendant; those efforts eventually led to information from Defendant's ex-husband regarding Defendant's possible location.[2] Docs. 28, 29. Specifically, Plaintiffs contend that "Serdy's ex-husband told Movants' counsel he was unaware of Serdy's current whereabouts but had an address for her in Sweden: 'Ms. Shay Serdy, H. Majed Saturnusgatan 39, SE-254 72 ODAKRA, Sweden.'" Doc. 29 at 4. Plaintiffs, however, represent that they "learned it would take at least six months to serve Serdy in Sweden pursuant to the Hague Convention." Doc. 28 at 5. Plaintiffs state that they "diligently researched the requirements of serving Serdy in Sweden[]" and "Plaintiffs have determined that doing so is lengthy and cost-

---

[2] Before counsel's conversation with Defendant's ex-husband regarding the Sweden address, Plaintiffs state that in January 2024, the Clerk issued a summons on Defendant at 14543 Cedar Hill Drive, Winter Garden, Florida 34787. Plaintiffs attempted service but an individual at that address told the process server that he just moved in and did not know Defendant. Doc. 29 at 3-4. Through a public records search, Defendants found a new address that "suggested" that Defendant lived at a California address and Plaintiffs, therefore, obtained a new summons. *Id*. at 4. The process server was unable to serve Defendant at the California address. *Id*. Plaintiffs also mention that Defendant filed a "substitution of attorney indicating she would be representing herself" in another matter pending in California. *Id*. at 5. Defendant apparently provided the California court with a Dallas, Texas address. *Id*. It does not appear that Plaintiffs have attempted service at the Dallas, Texas address. *See* Docs. 28, 29.

prohibitive, as it would take more than 6 months and cost more than $15,000 in legal fees, translation fees, and other fees under applicable treaties." Doc. *Id*. at 7.  Plaintiffs contend that "[t]his is hardly an ideal approach especially since Movants have no assurance that Serdy is, or will be, at that address."  Doc. 29 at 5.  Plaintiffs claim that it appears Defendant fled the country to evade service and seek an order authorizing service of process on Defendant via mail and email under Rule 4(f)(3).

**II.     Law**

Rule 4(f) governs service of process on an individual in a foreign country and sets forth three methods for service.  Namely, Rule 4(f)(3) provides that:

> Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served at a place not within any judicial district of the United States:
>
> > (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;
> >
> > (2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:
> >
> > > (A) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;
> > >
> > > (B) as the foreign authority directs in response to a letter rogatory or letter of request; or
> > >
> > > (C) unless prohibited by the foreign country's law, by:
> > >
> > > > (i) delivering a copy of the summons and of the complaint to the individual personally; or
> > > >
> > > > (ii) using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or

>   (3) by other means not prohibited by international agreement, as the court orders.

Fed. R. Civ. P. 4(f).

The United States Supreme Court has held that "compliance with the [Hague] Convention is mandatory in all cases to which it applies." *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 705, 108 S. Ct. 2104, 100 L. Ed. 2d 722 (1988). Under Article 2 of the Convention, "[e]ach contracting State shall designate a Central Authority which will undertake to receive requests for service coming from other contracting States and to proceed in conformity with the provisions of articles 3 to 6." 1969 WL 97765 (U.S. Treaty). "The principal method for service under the Convention is through the designated central authority." *State Farm Mut. Auto. Ins. Co. v. Larocca*, 2022 WL 19561965, at *2 (M.D. Fla. July 15, 2022) (citations omitted). "The Convention also permits certain enumerated alternate methods of service if the receiving country does not object, and countries may designate additional methods of service circumscribed by the Convention." *Id*. (citing *See Water Splash, Inc. v. Menon*, 581 U.S. 271, 137 S. Ct. 1504, 1508, 197 L. Ed. 2d 826 (2017); *Schlunk*, 486 U.S. at 699).

### III. Discussion

**A. Motion to Serve**

The Court will first address Plaintiffs' Motion to Serve because it impacts Plaintiffs' Motion for Extension. Plaintiffs request authorization to serve Defendant via mail at (1) the address in Sweden that Defendant's ex-husband provided to Plaintiffs' counsel, and (2) the address in Dallas, Texas Defendant provided to the California court.[3] Doc. 29 at 11 to 12. Plaintiffs also seek permission to send copies of the summons and Complaint to Defendant at four email

---

[3] Specifically, Plaintiffs seek to serve Defendant at (1) the Dallas, Texas address "by mail" and (2) the address in Sweden "by mail (via FedEx or UPS)." Doc. 29 at 12.

- 4 -

addresses. *Id*. at 12. Even though Plaintiffs discuss service by mail and email in an amalgamation, the Court will examine each separately to ensure the propriety of service under Rule 4(f)(3).

### a. Service by mail—Sweden

Sweden and the United States are both signatories of the Hague Convention. *See* hcch.net/en/instruments/conventions/status-table/?cid=17; *see also Koss Corp. v. Pilot Air Freight Corp.*, 242 F.R.D. 514, 516 (E.D. Wis. May 23, 2007) ("The Convention provides for various methods of service abroad where, as here, both the sending country (the United States) and the receiving county (Sweden) are members."); *Moldex Metric, Inc. v. Swedsafe AB*, 2018 WL 6137578, at *1 (C.D. Cal. June 1, 2018) ("Because both the United States and Sweden are signatories to the Hague Convention and SwedSafe is a Swedish corporation, the Hague Convention governs service.") (citing *Schlunk*, 486 U.S. at 700); *see also*, Boat *Serv. of Galvaston, Inc. v. NRE Power Sys., Inc.*, 2019 WL 13213316, *1 (E.D. La. Aug. 26, 2019) ("Both Sweden and the United States are signatories of the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters ('Hague Convention').").

Plaintiffs, however, do not wish to serve Defendant pursuant to Rule 4(f)(1) and state that it would take too long and would be too expensive to follow the requirements for service in Sweden. Doc. 29 at 8. Plaintiffs, therefore, request permission to utilize Rule 4(f)(3) to serve Defendant. Indeed, a plaintiff is not required to attempt service under subsections (1) and (2) before requesting a court order authorizing service under subsection (3). *Taser Int'l, Inc. v. Phazzer Elecs., Inc.*, 2016 WL 7137699, at *2 (M.D. Fla. Nov. 29, 2016) ("These three methods of service are independent of each other, and a party need not first attempt service under subsections (1) or (2) before attempting service by alternative means under subsection (3).") (citations omitted). Courts have broad discretion in allowing service under Rule 4(f)(3).

So, Plaintiffs request authorization to serve Defendant via mail in Sweden and contend that they should be permitted to do so because Sweden does not object to Article 10(a).[4] Doc. 29 at 10. Article 10(a) of the Convention states that, "[p]rovided the State of destination does not object," the Convention must not interfere with "the freedom to send judicial documents, by postal channels, directly to persons abroad. . .." 1969 WL 97765 (U.S. Treaty). And Sweden has indicated its lack of opposition to Article 10(a). *See* http://www.hcch.net/index.cfm?oldlang=en&act=authorities.details&aid=275. As such, Plaintiffs conclude that service by mail to the Sweden address is allowed. Doc. 29 at 10.

The Court is not convinced that service by mail to the Sweden address is appropriate under Rule 4(f)(3) simply because there is no opposition to mail. First, even though there is no objection, it does not necessarily follow that service by mail is not prohibited. As the Supreme Court explains, Article 10(a) "encompasses" service by mail, but "this does not mean that the Convention affirmatively authorizes service by mail." *Water Splash*, 137 S. Ct. at 1513. Rather, "[i]n cases governed by the . . . Convention, service by mail is permissible if two conditions are met: first, the receiving state has not objected to service by mail; and second, service by mail is authorized under otherwise-applicable law." *Id.*

Accordingly, it seems that there is something more required than the lack of objection. *See State Farm*, 2022 WL 19561965, at *2 (evaluating the "second condition" pursuant to *Water Splash* even though Columbia does not object to Article 10(a) and eventually granting the plaintiffs' request for service via international mail under Rule 4(f)(2)(C)(ii) and Rule 4(f)(3).").

---

[4] Plaintiffs rely on the court's discussion in *Boat Service of Galveston*, 2019 WL 13213316 (E.D. La. Aug. 27, 2019), regarding Sweden's lack of objection to Article 10(a) to support the proposition that service by mail in Sweden is permitted. Doc. 29 at 9 to 10.

But even if Sweden's lack of opposition alone is sufficient to demonstrate that service by mail is not prohibited by international agreement, Plaintiffs' conclusory assertion that service by mail in Sweden would ensure notice of the action does nothing to assist the Court on the matter of due process. "[A]ny authorized alternative means of service under Rule 4(f)(3) must satisfy due process." *SEC v. Martin*, 2019 WL 13474700, at *3 (M.D. Fla. Aug. 15, 2019) (citing *Taser*, 2016 WL 7137699, at *5). Due process requires that "the method of service crafted by the district court . . . be 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Taser*, 2016 WL 7137699, at *2 (quoting *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1016 (9th Cir. 2002)); *see also Brookshire Bros., LTD. v. Chiquita Brands Int'l*, 2007 WL 1577771, at *2 (S.D. Fla. May 31, 2007) ("So especially in a circumstance where service upon a foreign corporation under Rule 4(f)(1) or 4(f)(2) has been cumbersome, district courts have broad discretion under Rule 4(f)(3) to authorize other methods of service that are consistent with due process and are not prohibited by international agreements.") (citing *Prewitt Enters. v. OPEC*, 353 F.3d 916, 921, 927 (11th Cir. 2003)).

Here, Defendant's ex-husband provided the address in Sweden, but Plaintiffs represent to the Court that the ex-husband is not actually aware of Defendant's whereabouts. Plaintiffs add that they have no "assurance" that Defendant is or ever will be at that address in Sweden. Without any further analysis and citation to the authority, the Court is not persuaded that service via mail to the address in Sweden based on these facts is reasonably calculated to give Defendant notice of the pendency of this action. Accordingly, Plaintiffs are not entitled to the requested permission.

b. **Service by email**

The Court also finds that Plaintiffs have not demonstrated that they should be allowed to serve Defendant through email. Plaintiffs seek permission to serve Defendant at "various email addresses she or her counsel have provided various courts." Doc. 29 at 1. As an initial matter, Plaintiffs' discussion regarding Article 10(a) and the lack of objection seems to be limited to service via mail as Plaintiffs make no argument that "postal channels" encompasses email. *See* Doc. 29 at 10. As such, the Court will not apply Plaintiffs' argument regarding Sweden's lack of opposition to Article 10(a) to service via email.[5]

In any event, Plaintiffs have made no showing that service via email is not prohibited by international agreement or that it satisfies due process. In support of the request, Plaintiffs cite to two cases wherein courts permitted service through email. Doc. 29 at 8 to 9 (citing *Stern v. SK Golden Inv. LLC.*, 2022 WL 3701217, at *2 (S.D. Fla. Mar. 15, 2022); *Black & Decker Inc. King Grp. Canada,* 2009 WL 10670400, at *1 (N.D. Ga. May 20, 2009)). But these cases deal with service in Russia and Canada respectively. The *Stern* court found that Russia has never objected to e-mail as an alternative means and "courts frequently grant requests to serve defendants in Russia by e-mail." 2022 WL 3701217, at *1. In *Black & Decker*, where the defendants were purportedly in Canada, the court found that it was unaware of any international agreement prohibiting service via email or regular mail. 2009 WL 10670400, at *1, 3. The Court is not convinced that either case shows that service via email should be permitted in Sweden.

---

[5] The Court recognizes that Plaintiffs cite to the court's analysis in *Boat Serv. of Galvastan* regarding international service via email. Doc. 29 at 10. Plaintiffs' discussion on email, however, is limited to due process and provides little, if any, insight into a relationship between Sweden's lack of opposition to Article 10(a) and email service.

Further, the Court has due process concerns regarding the use of these emails. Courts have found that due process is satisfied when service is through email but there is usually some showing that the email is valid. As one court explained, "due process is satisfied for service via email when the email address is valid and active, when emails sent to it don't bounce back, or when delivery notifications are provided." *Martin*, 2019 WL 13474700, at *4 (citing *Stat Med. Devices*, 2015 WL 5320947, at *1 (S.D. Fla. Sept. 14, 2015) (finding that due process is satisfied where an email address is "valid and active"); *Abercrombie & Fitch Trading Co. v. 2cheaptbuy.com*, 2014 WL 11706443, at *1-2 (S.D. Fla. Mar. 5, 2014) (due process satisfied where the plaintiff verified that the email address was "operational and . . . a reliable means of communicating with Defendants"); *Chanel v. Zhixian*, 2010 WL 1740695, at *10-11 (S.D. Fla. Apr. 29, 2010) ("e-mails that did not bounce back presumably reached Defendant") (citations omitted).

While Defendant and her counsel provided the email addresses to a California court, that occurred back in 2022. Doc. 29 at 10; 29-1 at 4. There is nothing before the Court to demonstrate that Plaintiffs attempted to verify the validity of those email addresses and certainly nothing to reflect that the addresses are still active two years later.

In sum, Plaintiffs have not demonstrated that service via email on Defendant, who is allegedly located in Sweden, is not prohibited by international agreement or that it is reasonably calculated that Defendant would receive notice of the action through these emails. As such, Plaintiffs have not demonstrated entitlement to relief.

c. **Service by mail—Dallas, Texas**

The Court is also not inclined to grant permission for Plaintiffs to serve Defendant via mail at the Dallas, Texas address pursuant to Rule 4(f)(3). Sweden may not object to Article 10(a) or service by mail, but it is not clear that the lack of opposition extends to service of an individual in

a foreign country—Sweden—through an address in the United States. Plaintiffs cite to a case outside of this district where a court granted a plaintiff's request to serve the defendants by mail and email after the defendants evaded service. Doc. 29 at 8-9 (citing *Black & Decker*, 2009 WL 10670400, at *1. Plaintiffs contend that the court authorized service by email and mail on defendants purportedly located in Canada to "include[e] a Washington state address where the defendants' owner himself provided for serving the documents." Doc. 29 at 9.

*Black & Decker* is distinguishable from the instant case. First, the court there found that, pursuant to Rule 4(f)(3), it was unaware of any international agreement prohibiting service via email and regular mail. 2009 WL 10670400, at *3. The plaintiff in that case alleged that the defendants were evading service in Canada while, here, Defendant is purportedly in Sweden. As such, the *Black & Decker* court's analysis does not seem to apply.[6]

Second, with respect to due process, the *Black & Decker* court found that service via email and regular mail was reasonably calculated to give notice because the Canadian Deputy Sheriff gave "reason to believe that [the owner] already ha[d] notice that Black & Decker [was] attempting to serve the King Defendants" and that "email appear[ed] to be a primary communication of the King Defendants' business operation, and many courts considering analogous facts have found that email comports with due process requirements." 2009 WL 10670400, at *3. But here, the Court has found *supra* that Plaintiffs have not demonstrated that service via email should be authorized *and* there is nothing to reflect that Defendant is on notice that Plaintiffs have been

---

[6] Also, with respect to the *Black & Decker* case, it is not clear that the defendant's owner was in Canada. In that case, a Canadian Deputy Sheriff spoke on the phone with defendant's owner and the defendant's owner advised that he no longer lives in British Columbia and documents should be mailed to an address in Sumas, Washington. 2009 WL 10670400, at *9. As such, the Court respectfully questions the application of Rule 4(f)(3).

attempting service. As such, the due process assurances that were present in *Black & Decker* do not necessarily exist in the instant matter.

Third, the *Black & Decker* court found that it was appropriate to mail the defendants the complaint and the summons to the address in Canada *and* Washington. The Court, however, in the instant case has found *supra* that Plaintiffs have not demonstrated that they should be authorized to serve Defendant via mail to the address in Sweden. As such, the Court is left with the Dallas, Texas address and, without more, is not persuaded that Defendant—allegedly located in Sweden (the receiving country)—is properly served pursuant to Rule 4(f)(3) solely at an address outside of that country.

In sum, Plaintiffs fail to convince the Court that service to the Dallas, Texas address via mail is not prohibited by international agreement or that it satisfies due process. Since Plaintiffs have not otherwise persuaded the Court that Defendant should be permitted to serve Defendant—allegedly in Sweden—via mail to the Dallas, Texas address, the Court is not inclined to grant relief.

### D.     Motion for Extension

While not entirely clear, it appears that Plaintiffs seek an extension of time to effect service pursuant to Rule 4(f)(3) upon the Court's authorization to serve via email and mail but also seek additional time even if the Court denies that request. *See* Doc. 28. Since the Motion to Serve is due to be denied, the Court will determine if Plaintiffs are entitled to additional time to serve Defendant.

Plaintiffs assert that Rule 4(m)'s 90-day limit does not apply to service in a foreign county and seek an additional 180 days to serve Defendant. Doc. 28. While Rule 4(m)'s limit "does not apply in a foreign country under Rule 4(f)," the time allowed "'for accomplishing foreign service is not unlimited, as district courts must retain the ability to control their dockets.'" *Kaiser v.*

*Alexander Marine USA*, 2023 U.S. Dist. LEXIS, at *2 (M.D. Fla. Apr. 7, 2023) (quoting 12B *Fed Practice & Procedure, Civil Rules, Quick Reference Guide*, at 79 (Thomson Reuters 2022) (citing *Nylok v. Fastener World Inc.*, 396 F.3d 805, 807 (7th Cir. 2005) and other authorities)).

"The Eleventh Circuit has 'not held in a published decision whether or what time constraints apply to service on foreign defendants' and has observed 'there is a considerable difference of opinion among circuits regarding what—if any—time limits apply[.]'" *Reed v. Brandel Eugene Chamblee, TGC, LLC*, 2023 WL 6292578, at *3 (M.D. Fla. Sept. 27, 2023) (quoting *Harris v. Orange S.A.*, 636 F. App'x 476, 485 (11th Cir. 2015)). "The Eleventh Circuit has further observed that, time limits aside, most courts apply a 'flexible due diligence' standard to determine when delay should be excused and in an unpublished decision held a plaintiff's complaint may be dismissed upon a showing she failed to exercise diligence in attempting to effectuate service on a foreign defendant." *Id.*

Despite Plaintiffs' assertion, it is not clear that Rule 4(m)'s 90-day limit does not apply. Plaintiffs filed this case in December 2023 and attempted to serve Defendant within the United States at least until May 24, 2024, when Plaintiffs learned that Defendant may be in Sweden. Nonetheless, the Court has granted Plaintiffs' requests for extensions and Plaintiffs are now attempting to serve Defendant in a foreign country.

Without deciding if any specific time limits apply, based on the circumstances, there is some basis to find that Defendant is perhaps evading service—even though Plaintiffs have not demonstrated that service at the provided mail and email addresses would satisfy Rule 4 or due process—and Plaintiffs have been diligent in attempting service. However, the Court finds that an additional 180 days is unreasonable at this juncture of the case. Plaintiffs represented to the Court in their May 28, 2024 Second Motion or Extension of Time to serve that Defendant may

have moved to Europe and Plaintiffs have obtained a foreign address where Defendant purportedly resides. Doc. 25 at 4. It has been over five months since that representation and Plaintiffs' complaint that it would take six months to serve Defendant in Sweden no longer seems to hold much weight. Accordingly, the Court finds one more extension is warranted but not the length that Plaintiffs request.

### IV. Conclusion

Based on the foregoing, it is **ORDERED** that:

1. Plaintiffs' Motion for Extension (Doc. 28) is **GRANTED in part** to the limited extent that **on or before January 6, 2025** Plaintiffs shall serve Defendant **and** file a notice with the Court reflecting execution. The remainder of the Motion (Doc. 28) is **DENIED**; and

2. Plaintiffs' Motion to Serve (Doc. 29) is **DENIED**.

The failure to comply with this Order within the allotted time may result in the dismissal of this case without further notice.

**ORDERED** in Orlando, Florida on November 7, 2024.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE